IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JEREMY ALLEN and TAMARA LA SALLE ALLEN,** § § § | |
| Plaintiffs, § § | |
| v. § | Civil Action No. **3:24-CV-949-L-BN** |
| § | |
| **NAVY FEDERAL CREDIT UNION,** § § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

On the February 28, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 77) was entered, recommending that the court deny Plaintiffs' Motion for Leave to Proceed in Forma Pauperis on Appeal ("Plaintiffs' IFP Motion") (Doc. 65), which was filed February 13, 2025. Also before the court are Plaintiffs' Motion to Expedite Ruling on their IFP Motion (Doc. 71), which was filed/docketed by Tamara La Salle Allen as a "Reply" to Plaintiffs' IFP Motion; and Plaintiffs' Motion for Reconsideration of Court's Decision [Judgment], Motion for Sanctions, and Motion for Recusal of Magistrate Judge (Doc. 80), filed March 5, 2025. For the reasons that follow, the court **grants** Plaintiffs' Motion to Expedite (Doc. 71); **accepts** the magistrate judge's findings and conclusions (Doc. 77) as to Plaintiffs' IFP Motion (Doc. 65); **overrules** Plaintiffs' objections to the Report; **denies** Plaintiffs' IFP Motion; **certifies** that Plaintiffs' appeal is not taken in good faith; and **denies** Plaintiffs' Motion for Reconsideration (Doc. 80).

**I.      Plaintiffs' Motion to Expedite (Doc. 71)**

Plaintiffs request that the court expedite its ruling on their IFP Motion. The court **grants** Plaintiffs' Motion to Expedite (Doc. 71) to the extent that it will expedite its ruling on Plaintiffs'

IFP Motion, even though the 14-day deadline for filing objections to the Report and the magistrate judge's recommended denial of their IFP Motion has not yet expired.

II.     **Plaintiffs' IFP Motion (Doc. 65)**

   A. **The Magistrate Judge's Report Regarding Plaintiffs' IFP Motion (Doc. 77) and Applicable Law**

In his Report, the magistrate judge recommends that the court deny Plaintiffs' IFP Motion and certify that Plaintiffs' appeal is not taken in good faith based because Plaintiffs have not satisfied the requirements in Federal Rule of Appellate Procedure 24(a)(1), which applies when, as here, a plaintiff was not previously granted leave to proceed *in forma pauperis* in the district court but nevertheless seeks leave to proceed *in forma pauperis* on appeal. Rule 24(a)(1) requires a plaintiff to submit an affidavit that: "(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal."

The magistrate judge recommends that the court deny Plaintiffs' IFP Motion based on his determination that they had failed to establish these and other three requirements for proceeding *in forma pauperis* on appeal identified by the Fifth Circuit:

> First, he must submit "an affidavit [stating that he] is unable to pay such fees or give security therefor." [28 U.S.C.] § 1915(a)(1); *accord* FED. R. APP. P. 24(a)(1)(A). Second, the claimant must "state[ ] the issues that the party intends to present on appeal." FED. R. APP. P. 24(a)(1)(C); *accord* § 1915(a)(1). Third, the litigant's appeal must be "taken in good faith." § 1915(a)(3). "A claimant appeals in 'good faith' when he [or she] seeks review of an issue 'arguable on [its] merits (and therefore not frivolous).'" *Id.* (quoting *Robinson v. United States*, 812 F.3d 476, 476 (5th Cir. 2016) (quoting *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983)).

*Evans v. Fisher*, 669 F. App'x 259, 260 (5th Cir. 2016). Regarding good faith, the Report further notes that "'[g]ood faith' has been defined as a requirement that an appeal present a nonfrivolous

question for review." Report 3 (quoting *Cruz v. Hauck*, 404 U.S. 59, 60 (1971) (Douglas, J., concurring). Additionally, the Report notes that, "[a]lthough a plaintiff seeking IFP status need not demonstrate probable success on the merits, *Jackson v. Dallas Police Dep['t]*, 811 F.2d 260, 261 (5th Cir. 1986), his [or her] complaint will be deemed frivolous 'if it lacks an arguable basis in law or fact[.]'" Report 3 (quoting *Donaldson v. Ducote*, 112 F. App'x 329, 331 (5th Cir. 2004) (per curiam) (quoting *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999)). Finally, the Report notes that "[a] complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Report 3 (quoting *Harper*, 174 F.3d at 718) (quoting *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)).

Applying this to law to the case at hand and Plaintiffs' IFP Motion, the magistrate recommends that the court deny the motion, reasoning that:

> Plaintiffs' motion for leave to appeal IFP [Dkt. No. 65] is merely a financial affidavit, which may support [Plaintiffs' inability] to pay the appellate filing fee. But neither that motion nor the notice of appeal [Dkt. No. 64] complies with all requirements set out in Appellate Rule 24(a)(1) because Plaintiffs fail to state the issues they intend to present on appeal and show that their appeal is taken in good faith. The Court should therefore deny the motion for leave to appeal IFP.

Report 2-3 (Doc. 77).

The magistrate judge also recommends that the court certify, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Civil Procedure 24(a), that Plaintiffs' appeal is not taken in good faith because they have no nonfrivolous issue for appeal. In this regard, the Fifth Circuit has previously held that:

> (1) a district court may certify that an IFP appeal is not taken in good faith under section 1915(a)(3) and Rule 24(a); (2) if the trial court does so, it is required under Rule 24(a) to set forth in writing the reasons for its certification; and (3) within the time prescribed by Rule 4, the appellant either may pay the full filing fee and any

relevant costs and proceed on appeal for plenary review, or contest the certification decision by filing a motion for leave to proceed IFP with the court of appeals.

*Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

### B. Plaintiffs' Objections to the Report

Plaintiffs filed objections to the Report on March 3 and 4, 2025 (Docs. 78, 79), contending that the district court no longer has jurisdiction. Plaintiffs also assert that they disagree with the magistrate judge's assessment regarding the nonfrivolous nature of their lawsuit or appeal. In this respect, Plaintiffs contend and inform the court that: (1) there was a "Misapplication of Rule 12(b)(6) and Prejudgment of Claims"; (2) frivolous claims are normally addressed under Federal Rule of Civil Procedure 11, and it is "improper for the District Court to make a frivolous determination after the appellate process has begun"; and (3) they have already filed a motion with the Fifth Circuit to proceed *in forma pauperis*, which they assert "places the case [and their IFP Motion] under the jurisdiction of the Court of Appeals" such that the district court no longer has jurisdiction to rule on their IFP Motion. Doc. 78.

> In addition, Plaintiffs assert:
>
> In light of the ongoing appeal, we would also like to clarify that the settlement discussions involving Navy Federal, which include a potential $9 million settlement, have not altered the fundamental legal issues we have raised. The settlement negotiations, while important, do not diminish the seriousness of our claims or the need for a full judicial review of the fraud and misconduct we are seeking to expose. The pursuit of this appeal is based on the larger need for accountability and legal resolution, irrespective of the settlement discussions.
>
> Moreover, the defense has evidence supporting the validity of our claims. We are confident that after the realization that the case is no longer under the jurisdiction of this District Court, Navy Federal Credit Union will make the Allens whole.
>
> Consequently, we will not be responding to your order concerning the frivolousness of our claims, as it falls outside of the District Court's jurisdiction at this point. Our appeal is moving forward, and we will file the full appellate brief with the Court of Appeals, which is now handling the matter.

Doc. 78.

The document filed by Plaintiffs on March 4, 2025, does not appear to have been intended as objections to the Report, as it is titled "Appellants' Notice Regarding[g] Retaliatory Certification of Frivolousness, and Final Notice to Navy Federal to Settle." Doc. 79. Out of an abundance of caution, however, the court construes this document as objections, as Plaintiffs are proceeding pro se. In this document, Plaintiffs assert that they are providing notice of:

> 1. Documented coordination between the state and federal courts (Case No. DC-23-20549 and Case No. 3:24-cv-949-L) to obstruct Appellants' claims.
>
> 2. Appellants' 24-hour deadline to Navy Federal Credit Union to resolve all claims.
>
> 3. Appellants' intent to file their full appellate brief with 40 legal arguments and supporting evidence on March 4, 2025, after 7:00 PM CST if no resolution is reached.

Doc. 79.

### C.  Plaintiffs' Other Filings

Before issuance of the Report, Plaintiffs also filed: (1) a document titled "Appeal Filed in Good Faith" (Doc. 73); and (2) a document containing Exhibits A and B (Doc. 74). Both of these documents were filed/docketed by Tamara La Salle Allen as a "Reply" or Replies to Plaintiffs' IFP Motion. In the first of these documents, Plaintiffs make four arguments regarding what they refer to as: (1) the "Misapplication of 12(b)(6) Motion"; (2) "Failure to Acknowledge Opposition and Affidavits [of Plaintiffs]; (3) "Procedural Trap in the First Amended Complaint"; and (4) "Pattern of Bias and Judicial Misconduct." Doc. 73. Plaintiffs further assert that their "Key Points of Appeal" are:

- The appeal is filed in good faith to ensure that no false accusations of bad faith can stand.

- The appeal is based on legitimate legal and procedural concerns that have been raised in 26 arguments, with four critical points shared here as a courtesy.

- Affidavits and opposition were not addressed, and misapplication of legal motions occurred, with a pattern of bias affecting the outcome.

Doc. 73.

### D. Court's Acceptance of Findings and Conclusions

Plaintiffs do not contend that the magistrate judge applied the wrong legal standard. They instead, appear to take issue with his determination that they have failed to show that their appeal is taken in good faith. The court agrees with the magistrate judge's determination that Plaintiffs' IFP Motion consists of only a financial affidavit that may support Plaintiffs' assertion regarding their inability to pay the appellate filing fee despite their payment of the filing fee in the district court. Based on Plaintiffs' representations regarding the matters they intend to appeal, the court also agrees with the magistrate judge's determination that Plaintiffs have not complied with all of Rule 24(a)(1)'s requirements because the scope of Plaintiffs' appeal is still unclear, and the "Key Points" that they say they are going to appeal are without merit. Further, Plaintiffs' conclusory assertion that their appeal is taken in good faith is insufficient. Additionally, for the many reasons discussed in the magistrate judge's prior Report (Doc. 43) and the court's memorandum opinion and order dated February 13, 2025 (Doc. 62), the claims alleged by Plaintiffs and those that they requested leave to assert are not legally or factually viable under state or federal law.

Thus, having considered Plaintiffs' IFP Motion (Doc. 65), the file, record in this case, and Report, and having conducted a de novo review of those portions of the Report to which objection was made by Plaintiffs, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The court, therefore, **overrules** Plaintiffs' objections to the Report and **denies** Plaintiffs' IFP Motion (Doc. 65).

The court also **certifies,** pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Civil Procedure 24(a), that Plaintiffs' appeal is not taken in good faith for the reasons set forth in this order, the magistrate judge's Report (Doc. 77), the undersigned's memorandum opinion and order dated February 13, 2025 (Doc. 62), and the magistrate judge's prior Report (Doc. 43), which are **incorporated by reference**. See *Baugh*, 117 F.3d at 202. In other words, Plaintiffs' appeal does not present a nonfrivolous question for review. See *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Plaintiffs may nevertheless challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit within 30 days of the entry of this order. See *Baugh*, 117 F.3d at 202.

### III.   Plaintiffs' Motion for Reconsideration (Doc. 80)

In their Motion for Reconsideration, Plaintiffs request that the court: (1) "Reconsider its decision issued on February 13, 2025, and reverse the dismissal of Plaintiffs' claims"; (2) "Sanction Defendant Navy Federal and their counsel Michael Hess for his actions"; (3) "Recuse Magistrate Judge David Horan from any further involvement in this case"; and (4) "Consider the substantial evidence already in the record that directly supports Plaintiffs' claims." Doc. 80 at 5.

Because the Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration, *Shepherd v. International Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004), such motions are generally analyzed under the standards for a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from a judgment or order under Federal Rule of Civil Procedure 60(b). *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Plaintiffs seek reconsideration of the order and judgment that dismissed their claims without a trial, and their Motion for Reconsideration was filed within 28 days of the case being dismissed. Their request for reconsideration is, therefore, construed as one to alter or amend

judgment under Rule 59(e). *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) (noting that when a case is resolved without a trial, a motion to alter or amend judgment is generally considered under Rule 59(e)).

A motion to alter or amend the judgment under Rule 59(e) "calls into question the correctness of a judgment." *Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017) (citation omitted). Such motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (citation omitted). It may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). A Rule 59(e) motion may not raise arguments or present evidence that could have been raised before entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citation omitted). When considering a Rule 59(e) motion to reconsider, a court may not grant such a motion unless the movant establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).

"'[A] perfected appeal divests the district court of jurisdiction.'" *Shepherd*, 372 F.3d at 329 (quoting *Winchester v. United States Atty. for S.D. of Tex.*, 68 F.3d 947, 950 (5th Cir. 1995)). The reasoning behind this is that "[f]or obvious reasons, it makes little sense for two different courts to

have the power to act on the same judgment at the same time, with the attendant risk that they will reach inconsistent conclusions and thus result in confusion and in a waste of judicial resources." *Id.* at 949 (citing *In re Butler*, 2 F.3d 154, 157 (5th Cir. 1993)). Consequently, in the absence of some form of remand or permission by the Court of Appeals, the district court lacks jurisdiction over the case except to act in furtherance of the appeal while a case is pending in the Fifth Circuit Court of Appeals. *See Shepherd*, 372 F.3d at 331. As a result, "a perfected appeal deprives the district court of all jurisdiction except," that the "district court retains jurisdiction to consider and deny such [post-judgment] motions." *Winchester*, 68 F.3d at 949 (citation omitted). Although Plaintiffs immediately appealed the judgment in this case that was entered that was entered on February 13, 2025, by filing their Notice of Appeal (Doc. 64) on the same date, the court has jurisdiction to consider and rule on their Motion for Reconsideration because it determines for the reasons that follow that the motion should be denied.

In contesting the court's dismissal of their claims under Rule 12(b)(6) and the court's rejection of their prior sanctions argument, Plaintiffs are simply relitigating matters that were not resolved to their satisfaction, which is insufficient to warrant relief under Rule 59(e). To the extent Plaintiffs are seeking sanctions now rather than contesting the court's prior ruling, they fail to explain why a new request for sanctions against Defendant would entitled them to relief under Rule 59(e) and justify setting aside the court's determinations regarding viability of their alleged and proposed claims.  They also fail to explain why the "additional case law supporting" their claims that is referenced in their Motion for Reconsideration could not have been presented to the court beforehand.  Even so, the court disagrees that any of the legal authority cited warrants reconsideration of the court's rulings.

Plaintiffs' request for recusal fares no better. In support of the request for recusal of the magistrate judge, Plaintiffs merely assert as follows:

> Plaintiffs also seek sanctions and the recusal of Magistrate Judge David Horan, who has exhibited a pattern of improper conduct throughout this case which will be listed in more detail in [the] following brief. We respectfully request that this Court correct these errors and reconsider its decision without the need of a higher court to reverse and render judgment. To be transparent[,] both this motion and the brief will be submitted today 3/5/2025.

Doc. 80 at 2. No brief was ever submitted by Plaintiffs setting forth the factual and legal bases justifying recusal of the magistrate judge,[*] and the court determines that any such claims of bias and unfairness are without merit and baseless, and, therefore, could not have affected the court's rulings or decision to dismiss their claims without allowing them to further amend. Plaintiffs are obviously frustrated and unhappy with the outcome of this litigation, the magistrate judge's recommendations, and the court's rulings, but this is not an adequate basis for seeking recusal based on alleged bias or unfairness. *See Liteky v. United States*, 510 U.S. 540, 541 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.") (citation omitted).

The court, therefore, **denies** their Motion for Reconsideration (Doc. 80) based on its determination that Plaintiffs have failed to establish their entitlement to relief under Rule 59(e).

## IV. Conclusion

For the reasons discussed, the court **grants** Plaintiffs' Motion to Expedite (Doc. 71); **accepts** the magistrate judge's findings and conclusions (Doc. 77) as to Plaintiffs' IFP Motion

---

[*] As the court was about to enter this order, it noticed that Plaintiffs filed another document titled "Motion to Clarify or Rescind the Order Directing Communication Exclusively With the Magistrate Judge And To Request the Recusal of Magistrate Judge David L. Horan" (Doc. 81), filed March 6, 2025. This document was filed/docketed by Tamara La Salle Allen as a "Reply" to the court's Amended Order of Reference (Doc. 76) that referred Plaintiffs' IFP Motion to the magistrate judge. Nothing in this document affects or changes the court's determination regarding Plaintiffs' recusal argument.

**Memorandum Opinion and Order – Page 10**

(Doc. 65); **overrules** Plaintiffs' objections to the magistrate judge's findings and conclusions; **denies** Plaintiffs' IFP Motion; **certifies** that Plaintiffs' appeal is not taken in good faith; and **denies** Plaintiffs' Motion for Reconsideration (Doc. 80).

**It is so ordered** this 6th day of March, 2025.

Sam A. Lindsay
United States District Judge