IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY ALLEN and TAMARA LA SALLE ALLEN, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:24-CV-949-L-BN** |
| NAVY FEDERAL CREDIT UNION, | § § § | |
| Defendant. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court are the following postjudgment Motions by Plaintiffs: "Motion for Relief from Final Judgment Under Fed. R. Civ. P. 60(b)(1), (3), & (6) with Notice Under 18 U.S.C. § 1962(c) & (d) (RICO) and Request for Ruling by 4/29/25 at 3:30 PM" (Doc. 96), filed April 24, 2025; "Motion to Correct the Record Pursuant to Rule 10(e) of the Federal Rules of Appellate Procedure and Rule 60(a) and 60(b)(3) of the Federal Rules of Civil Procedure" (Doc. 118), filed August 12, 2025; and "Rule 60(d)(3) Independent Motion to Vacate Judgment for Fraud Upon the Court Arising from Subversion of the Adjudicative Process and Substitution of Pleadings" (Doc. 143), filed March 6, 2026. The court **denies** the foregoing Motions (Doc. 96, 118, 143) for the reasons that follow.

I.      **Background**

Pro se Plaintiffs Jeremy Allen and Tamara La Salle Allen ("Plaintiffs") originally brought this action against Defendant Navy Federal Credit Union ("Defendant"), asserting various claims arising out of Defendant's alleged conduct in freezing Jeremy Allen's bank account, and Tamara La Salle Allen's efforts to unsuccessfully access the funds in her husband's account while acting on his behalf under an alleged durable power of attorney during his incarceration. In the Findings,

**Memorandum Opinion and Order –Page 1**

Conclusion, and Recommendation ("Report") issued by the magistrate judge on January 13, 2025, the magistrate judge construed Plaintiffs' live pleadings as asserting the following claims:

> The Allens have sued Navy Federal because, they allege, the credit union wrongly froze Mr. Allen's accounts, causing them financial harm and emotional distress. And, liberally construed, the Allens assert claims for negligence and breach of contract and under several federal and state laws, including the Federal Deposit Insurance Act, 12 U.S.C. § 1811 *et seq.* ("FDIA"); regulations underlying the Federal Credit Union Act ("FCUA"), 12 C.F.R. part 700; the Truth in Savings Act, 12 U.S.C. § 4301 *et seq.* ("TISA"); the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* ("EFTA"); 12 C.F.R. § 1006.22[, one of regulations implemented by the Consumer Financial Protection Bureau or CFPB that is aimed at preventing debt collectors from using unfair or unconscionable means to collect a debt]; and the Texas Finance Code.

Doc. 43 at 1, 9 (citing Docs. 3 & 6-8).

In his Report, the magistrate judge recommended that the court grant Defendant's Motion to Dismiss all claims by Plaintiffs under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and not allow Plaintiffs to amend their pleadings because amendment would be futile. The magistrate judge further recommended that the court deny Plaintiffs' requests (Docs. 30, 34) to consolidate this lawsuit with one in state court. In response to the Report, Plaintiffs filed the following documents between January 21, 2025, and February 11, 2025:

1.  Plaintiffs' Objections and Request for Judicial Scrutiny Pursuant to Local Rule 7.4 (Doc. 45), which requests reconsideration of their motion for consolidation and transfer;

2.  Plaintiffs' Objection to the Magistrate Judge's Recommendation and Request for Judicial Scrutiny (Doc. 46), consisting of 140 pages of materials, including objections by Plaintiffs with respect to the magistrate judge's recommendation regarding their request to consolidate/transfer and further amend, and their conclusory assertion that their proposed Third Amended Complaint includes their "best-pled" allegations;[1]

---

[1] Some of the materials in this filing are duplicative of those included in Doc. 49.

**Memorandum Opinion and Order –Page 2**

3. Plaintiffs' Motion for Leave to File Third Amended Complaint and Request for Judicial Scrutiny (Doc. 47) in which Plaintiffs appear to argue the merits of their claims without addressing the pleading defects identified in the Report;[2]

4. Plaintiffs' "Additional Exhibits for Objection" (Doc. 49), consisting of 172 pages of materials that include documents filed in the state court action by Plaintiffs against Chris Fernandez, a representative of Defendant;

5. "Plaintiffs' Objection to Magistrate's Conclusion Regarding Futility of Amendment" (Doc. 50), which attaches a proposed Third Amended Complaint, in which Plaintiffs allege that relief is sought under the following state and federal statutes:

- Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*;
- Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*;
- Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.*;
- Electronic Fund Transfer Act (EFTA), 15 U.S.C. § 1693 *et seq.*;
- Consumer Financial Protection Act (CFPA), 12 U.S.C. § 5301 *et seq.*; including violations of Unfair, Deceptive, or Abusive Acts or Practices (UDAAP) provisions;
- Gramm-Leach-Bliley Act (GLBA), 15 U.S.C. § 6801 *et seq.*, protecting consumers' personal financial information;
- Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691 *et seq.*, prohibiting discriminatory lending practices;
- Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.*, addressing patterns of racketeering activity;
- Identity Theft Enforcement and Restitution Act (ITERA), 18 U.S.C. § 1028 *et seq.*, targeting identity theft violations;
- Bank Secrecy Act (BSA), 31 U.S.C. § 5311 *et seq.*, regarding financial transparency and compliance;
- Home Mortgage Disclosure Act (HMDA), 12 U.S.C. § 2801 *et seq.*, requiring accurate mortgage lending disclosures;
- Texas Deceptive Trade Practices Act (DTPA), Tex. Bus. & Com. Code § 17.41, *et seq.*, protecting consumers against deceptive practices;
- Texas Debt Collection Act, Tex. Fin. Code § 392.001 *et seq.*, addressing abusive debt collection tactics;
- Texas Business and Commerce Code—Chapter 20 (Consumer Credit Reporting), Tex. Bus. & Com. Code § 20.01 *et seq.*;
- Texas Estates Code—Chapter 752 (Statutory Durable Power of Attorney), Tex. Estates Code § 752.001 *et seq.*, governing the use and enforcement of durable POAs;
- Texas Civil Practice and Remedies Code—Chapter 41 (Exemplary Damages), Tex. Civ. Prac. & Rem. Code § 41.001 *et seq.*;

---

[2] To this motion, Defendant filed a response (Doc. 58), to which Plaintiffs replied (Doc. 60).

**Memorandum Opinion and Order –Page 3**

- Texas Penal Code—Chapter 32 (Fraud and Misrepresentation), Tex. Penal Code § 32.01 *et seq*.;
- Texas Government Code—Chapter 2260 (Claims Against the State), Tex. Gov't Code § 2260.001 *et seq*.; and
- Texas Uniform Fraudulent Transfer Act (TUFTA), Tex. Bus. & Com. Code § 24.001 *et seq*., addressing fraudulent financial transfers.

Doc. 50 at 8-10 (Pls.' Proposed Third Am. Compl.).

6. "Additional Exhibits for Objection" (Doc. 52), which was docketed as "ADDITIONAL ATTACHMENTS to [50] Third Amended Complaint filed by Plaintiff Tamara Roberson."

7. Plaintiffs' Notice of Filing Exhibits in Support of Third Amended Complaint (Doc. 53), which Plaintiffs contend provides "additional factual support regarding Defendant's unfair, deceptive, and abusive acts, including misleading security procedures, unauthorized account freezes, and inconsistent handling of funds." Doc. 53 at 1. Plaintiffs further contend that these exhibits evidence:

    • Navy Federal's pattern of financial misconduct, including unauthorized account freezes, deceptive practices, and financial harm to consumers.

    • Consumer Financial Protection Bureau (CFPB) complaints demonstrating that other consumers have reported similar conduct.

    • Audio recordings and summaries, revealing misleading and inconsistent actions by Navy Federal's security and financial departments.

    • Relevant Consumer Financial Protection Act (CFPA) statutes that provide context for Defendant's unlawful conduct.

8. "Plaintiffs' Notice of Procedural Irregularities in State Court Judgment & Request for Judicial Scrutiny to Prevent the Use of an Improperly Obtained Judgment in Federal Court" (Doc. 54);

9. Response to Electronic Order No. 32, requiring Plaintiffs to file a certificate of interested persons (Doc. 55);

10. Notice of No Opposition and Motion to Vacate Judgments Rendered to an Improper Party and Due to Fraud Upon the Court (Doc. 56);

11. Plaintiff's Reply to Defendant's Opposition to Motion to Vacate Judgment docketed as "Notice of Related Case DC-23-20549" (Doc. 57); and

12. Plaintiffs' "Notice to Prevent Defendant's use of Res Judicata or Collateral Estoppel and Request for Judicial Notice" docketed as "Notice of *See-Doc* 42" (Doc. 59).

**Memorandum Opinion and Order –Page 4**

In addition, Plaintiffs alleged claims against Defendant in the proposed Third Amended Complaint that they described as claims for breach of contract, breach of the power of attorney, fraud and misrepresentation, tortious interference with business expectancy, fraud upon the court, emotional distress, defamation, loss of collateral/conversion, breach of fiduciary duty (based on durable power of attorney), and unjust enrichment, for which they sought damages (actual, statutory, and punitive damages), injunctive relief, a declaratory judgment, and attorney's fees.

Even considering all of the foregoing filings by Plaintiffs, some of which were filed after the deadline for filing objections to the Report, the court determined that the magistrate judge's recommendation regarding the viability of the claims in Plaintiffs' live pleadings and their request to consolidate this federal action with a state court action was correct. In this regard, the court explained as follows:

> Plaintiffs' post-Report filings do not attempt to show that the magistrate judge erred in concluding that their current pleadings do not contain factual allegations as required to satisfy the "substantive plausibility" federal pleading standard, and the court determines that the magistrate judge has not erred. Plaintiffs, instead, only take issue with the magistrate judge's recommended denial of their requests to amend their pleadings and transfer/consolidate this lawsuit with the one in state court. Given Plaintiffs' assertion that "the state case has since concluded, making the Second Amended Complaint [and related request to transfer/consolidate] irrelevant to the current federal claims" (Doc. 50 at 2), their request to transfer and consolidate this lawsuit with the one in state court is admittedly **moot**. Regardless, the magistrate judge correctly notes that Plaintiffs have failed to provide any authority that would permit the undersigned to transfer and consolidate this federal action with any state court proceedings, and the undersigned is not aware of any such authority. Plaintiffs' request for the court to vacate judgments also appears to pertain to the judgment(s) entered in the same state court case and fails for the same reason. Thus, even if not moot, these objections are **overruled**.

Doc. 62 at 6. The court then discussed in detail why allowing Plaintiffs to amend their pleadings to assert the proposed multitude of new claims against Defendant would be an exercise in futility. The court's memorandum opinion and order and judgment dismissing with prejudice Plaintiffs'

claims and denying their request to amend their pleadings were entered on February 13, 2025. Plaintiffs filed their Notice of Appeal the same day followed by a number of motions to correct the appellate record based on their appellate record designations. All of these motions were resolved except for Plaintiffs' pending Motion to Correct the Record. Plaintiffs filed their pending Motion to Correct the Record (appellate record) despite the court's warning about repeatedly filing such motions without first obtaining Fifth Circuit approval.

Plaintiffs also sought relief under Federal Rule of Civil Procedure 60. Plaintiffs' Rule 60 motions focus on their disagreement with the court's denial of their request to amend their pleadings. Before the court was able to rule on Plaintiffs' pending postjudgment motions, the Fifth Circuit issued its opinion dismissing as frivolous Plaintiffs' appeal and denying all of the motions they filed in connection with their appeal. The Fifth Circuit also noted that, because Jeremy Allen was incarcerated when the Complaint and Notice of Appeal in this action were filed, the dismissal of the Complaint under Rule 12(b)(6) and dismissal of the appeal as frivolous count as strikes under 28 U.S.C. § 1915(g). The Fifth Circuit, therefore, warned Jeremy Allen that, if he accumulates three strikes, he will no longer be allowed to proceed *in forma pauperis* in any civil action or appeal that is filed while he is incarcerated or detained an any facility unless he is in imminent danger or at risk of serious physical injury. For the reasons that follow, the court determines that Plaintiffs' requests for postjudgment relief under Rule 60 and Federal Rule of Appellate Procedure 10(e) similarly fail.

## II.     Rule 10(e) Motion to Correct the Appellate Record

This Motion was filed in violation of the court's prior orders in which the undersigned repeatedly warned Plaintiffs that it would summarily deny or strike any new motions by Plaintiffs to amend or correct the record that were not authorized by the Fifth Circuit. Moreover, Plaintiffs

**Memorandum Opinion and Order –Page 6**

at one point advised the court that they no longer intended to seek amendment or correction of the record because of their decision to protect the evidentiary trail for their claims of alleged due process violations and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). *See* Doc. 113. In any event, the court **denies as moot** their Motion to Correct the Record under Federal Rule of Appellate Procedure 10(e) in light of the Fifth Circuit's opinion dismissing as frivolous Plaintiffs' appeal of this case.

## III.   Rule 60 Motions

As indicated, Plaintiffs also seek relief from the undersigned's memorandum opinion and order and judgment dated February 13, 2025, which dismissed with prejudice all claims by Plaintiffs against Defendant in this action under Rule 12(b)(6) and denied their request for leave to amend their pleadings. Plaintiffs seek relief under Federal Rules of Civil Procedure 60(a), (b), and (d).

### A.  Rule 60(a)

Rule 60(a) provides that the "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "[A]fter an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave." *Id.* Plaintiffs' request for relief under Rule 60(a) was made in connection with their Rule 10(e) request to correct the appellate record. Accordingly, this motion should have been presented to the Fifth Circuit, not the district court for determination as required by Rule 60(a). The court, therefore, **denies** this request by Plaintiffs (Doc. 118), as the court lacks authority under Rule 60(a) to grant the relief sought. The request also fails for the reasons already stated with respect to Plaintiffs' Motion for relief under Rule 10(e).

## B. Rule 60(b) and (d)

Rule 60(b) states as follows regarding the grounds for relief from a final judgment, order, or proceeding:

> (b) . . . On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>>
>> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>>
>> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>>
>> (4) the judgment is void;
>>
>> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>>
>> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). A ruling pursuant to Rule 60(b) is left to the "sound discretion of the district court." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604 (5th Cir. 1986)). Motions under Rule 60(b)(6) are granted "only [when] extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (quoting *Bailey v. Ryan Stevedoring Co., Inc.*, 894 F.2d 157, 160 (5th Cir. 1990)).

Rule 60(d) further provides that Rule 60 does not limit a court's power to:

> (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

**Memorandum Opinion and Order –Page 8**

>   (2)   grant relief under 28 U.S.C. § 1655 to a defendant who was not
>         personally notified of the action, or
>
>   (3)   set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60(d).

Plaintiffs contend in their Motion (Doc. 96) that the record underlying the court's February 13, 2025 judgment and ruling "is falsified, manipulated, and materially incomplete, violating Plaintiffs' constitutional rights and implicating criminal liability under 18 U.S.C. §§ 1962(c) and 1962(d)," and that they are, therefore, entitled to relief under Rule 60(b)(1), (3), and (6). Doc. 96 at 1. For support, Plaintiffs appear to rely on their request to amend their pleadings to add a claim against Defendant for alleged RICO violations, which the court denied. *See* Doc. 62 at 7. Whether based on this or the other claims alleged in Plaintiffs' live pleadings or the claims that Plaintiffs sought to allege via amendment, Plaintiffs' Motion (Doc. 96) does not present any valid reason establishing their entitlement to relief under Rule 60(b)(1) or (3) from the court's memorandum opinion and order or judgment dated February 13, 2025, and they have not demonstrated the existence of extraordinary circumstances required for relief under 60(b)(6).

In their Motion (Doc. 118), Plaintiffs similarly take issue with the court's denial of their request to amend their pleadings and contend that the court's rulings amounted to judicial error, record manipulation, gross misconduct, and collusion between the undersigned and the magistrate judge. Plaintiffs, therefore, contend that they are entitled to relief under Rule 60(b)(3). The court disagrees. Plaintiffs' unsupported assertions and accusations do not establish fraud by the court, Defendant, or anyone else as required to justify relief under Rule 60(b)(3). Moreover, as noted, the Fifth Circuit found no error regarding the undersigned's denial of Plaintiffs' request to amend their pleadings. Instead, the Fifth Circuit concluded that Plaintiffs' appeal was frivolous.

**Memorandum Opinion and Order –Page 9**

Finally, in their Motion (Doc. 143), Plaintiffs contend that they are entitled to relief under Rule 60(d)(3), which "embrace[s] only the species of fraud [that] does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989) (citation omitted).  "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court." *See Buck v. Thaler*, 2011 WL 4067164, at *7 (5th Cir. Sept. 14, 2011) (per curiam) (quoting *Rozier v. Fort Motor Co.*, 573 F.2d 1332, 1338 (5th Cir.), *reh 'g denied*, 578 F.2d 871 (5th Cir. 1978)).

Once again, Plaintiffs express their dissatisfaction with the court's denial of their request to amend their pleadings. They contend that the denial of their request to amend amounts to an unconscionable scheme and fraud upon the court arising from the subversion of the adjudicative process and the deliberate substitution of their pleadings. Plaintiffs request that the court vacate its judgment and schedule an evidentiary hearing "on substitution of pleadings, misrepresentation of filings, and settlement simulations."  Doc. 143 at 6.

Conclusory and unsupported assertions such as this, however, do not warrant setting aside a judgment under Rule 60(d)(3). *See Booker v. Dugger*, 825 F.2d 281, 283-84 (11th Cir. 1987) ("Conclusory averments of the existence of fraud made on information and belief and unaccompanied by a statement of clear and convincing probative facts which support such belief do not serve to raise the issue of the existence of fraud."). Likewise, Plaintiffs' disagreement with the court's rulings does not constitute the type of "egregious misconduct" necessary to support

**Memorandum Opinion and Order –Page 10**

relief under Rule 60(d)(3) no matter how they attempt to characterize such disagreement. Accordingly, Plaintiffs are not entitled to relief from the judgment on this ground.

## IV.      Conclusion

For all of the reasons explained, Plaintiffs have not established their entitlement to relief under Rule 10(e), Rule 60(a), Rule 60(b), or Rule 60(d). The court, therefore, **denies** Plaintiffs' Motions (Docs. 96, 118, 143). The court also notes that, in ruling on these Motions, it considered the numerous documents that Plaintiffs filed and referred to as supplements and notices in support of their Motions, even though they did not seek or obtain leave of court to supplement their Motions with these filings.

**It is so ordered** this 7th day of May, 2026.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order –Page 11**